IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT5, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| ESTA LIPPMAN and LAWRENCE F. LIPPMAN, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT ("Plaintiff"), files this its Original Complaint against Defendants, Esta Lippman and Lawrence P. Lippman ("Defendants"), and would respectfully show the Court as follows:

**I. PARTIES**

1.  Plaintiff is appearing through its undersigned counsel of record.

2.  Defendant Esta Lippman is an individual and citizen of the state of Texas who may be served with process at her residence, 207 East State St., Eagle Lake, TX 77434-1830, or at such other place as she may be found. Summons is requested.

3.  Defendant Lawrence F. Lippman. is an individual and citizen of the state of Texas who may be served with process at his residence, 207 East State St., Eagle Lake, TX 77434-1830, or at such other place as he may be found. Summons is requested.

## II. JURISDICTION

4. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

5. Plaintiff is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. U.S. Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Deutsche Bank is a New York corporation with its principal place of business in California. Therefore, Deutsche Bank is a citizen of New York and California for diversity purposes.

5. Defendants are both citizens of the State of Texas.

6. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a secured lien. The amount in controversy in a suit for a declaratory judgment for the right to proceed with foreclosure of real property is the fair market value of the property to be foreclosed. As of the date of this Complaint, the fair market value of the subject real property is at least $228,280.000. Alternatively, when seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (1833). As of June 25, 2021, the total amount owed on the debt at issue was $217,019.72, with additional interest and amounts accruing. There is no dispute the $75,000.00 minimum-amount-in controversy threshold is met.

### III. VENUE

7.  Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### IV. SUMMARY OF FACTS

8.  On or about April 12, 2006, Defendants took out a Texas Home Equity loan as a first lien on the Property with Option One Mortgage Corporation ("Option One") in the original principal amount of $101,400.00 and interest accruing at 11.500% per annum ("the Note"). Defendants executed a Texas Deed of Trust ("the Security Instrument") to secure this Home Equity Loan and recorded same in the Official Public Records of Colorado County, Texas on April 19, 2006 at Volume 523, Page 024 ("the Loan Agreement").  The real property which secures the Loan Agreement and on which the Security Instrument was recorded is commonly known as 207 East State St., Eagle Lake, TX 77434-1830, and is more particularly described at Exhibit A, attached hereto and incorporated by reference ("the Property").

9.  Under the terms of the Loan Agreement, Defendants are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

10.  The Loan Agreement further provides that should Defendants fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

11.  Option One later assigned the Loan Agreement to Plaintiff. An Assignment of Deed of Trust reflecting this assignment was recorded on February 19, 2014 in the Official

Public Records of Colorado County, Texas at Volume 747, Page 163.  PHH Mortgage Corporation ("PHH") is the servicer of the Loan Agreement.

12. Defendants failed to pay the amounts owed on the Loan Agreement, and on April 20, 2020, counsel for Plaintiff, served a Notice of Default with Intent to Accelerate to Defendants.  In this Notice of Default with Intent to Accelerate, Defendants were notified that the amount past due on the loan was $119,777.60 and they needed to pay this sum within thirty days or the full amounts owed on the Note would be accelerated.

13. Defendants failed to cure the default and therefore on June 29, 2021, Plaintiff, through its counsel, provided Defendants with a Notice of Acceleration.  Defendants have not tendered any payments on the Loan Agreement since the Notice of Default with Intent to Accelerate was issued.

## V. CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. Plaintiff seeks a judgment authorizing foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code Section 51.002.

16. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code Section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VI. ALTERNATIVE CAUSE OF ACTION - JUDICIAL FORECLOSURE

17. The foregoing paragraphs are incorporated by reference for all purposes.

18. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

19. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309. Plaintiff also seeks a writ of possession should it acquire title to the Property after sale as provided in Texas Rule of Civil Procedure 310.

## VII. ATTORNEY'S FEES

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. Plaintiff is entitled to recover its reasonable and necessary attorney fees under the loan documents and pursuant to Texas Civil Practice and Remedies Code 38.001. Attorney fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument.

## VIII. CONDITIONS PRECEDENT

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. All conditions precedent have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be summoned to appear and answer, and that, upon final hearing, Plaintiff have and recover a judgment allowing Plaintiff to proceed with non-judicial foreclosure in accordance with the Security Instrument, Tex. R. Civ. P. 735 and Texas Property Code section 51.002, or,

alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment; plus its interest and attorney's fees and all costs of suit. Plaintiff further requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*

# EXHIBIT A

FIELD NOTES OF A SURVEY OF A 0.4321 ACRE TRACT OF LAND. BEING ALL THAT TRACT LYING AND SITUATED IN COLORADO COUNTY, TEXAS, CITY OF EAGLE LAKE, BLOCK NO. 36. SAID 0.4321 ACRE TRACT OF LAND BEING THE SAME PROPERTY DESCRIBED IN A DEED DATED AUGUST 8, 1995 FROM MICHAEL C. MARLAND, ET. UX. TO LAWRENCE P. LIPPMAN, TRUSTEE, RECORDED IN VOLUME 173, PAGE 650, COLORADO COUNTY OFFICIAL RECORDS TO WHICH REFERENCE IS MADE FOR ALL PURPOSES AND THE SAID 0.4321 ACRE TRACT BEING DESCRIBED BY METES AND BOUNDS AS FOLLOWS, TO-WIT: BEGINNING AT A 1/2 INCH IRON ROD FOUND (NOT CALLED FOR IN RECORD DEED) IN SOUTHWEST LINEOF STATE STREET FOR NORTH CORNER OF SAID 0.4321 ACRE TRACT, SAID CORNER BEING ALSO EAST CORNER OF A 0.298 ACRE TRACT OF LAND CONVEYED TO VIRGINIA WELL, VOLUME 288, PAGE 156, COLORADO COUNTY OFFICIAL RECORDS; THENCE SOUTH 44 DEGREES 23 MINUTES EAST A DISTANCE OF 146.80 FEET WITH SOUTHWEST LINE OF SAID STATE STREET TO A 3/8 INCH IRON ROD SET FOR CORNER, SAID CORNER BEING ALSO NORTH CORNER OF A 1.198 ACRE TRACT CONVEYED TO STERLING UNITED RESOURCES, VOLUME 146, PAGE 12, COLORADO COUNTY OFFICIAL RECORDS; THENCE SOUTH 46 DEGREES 08 MINUTES WEST A DISTANCE OF 129.00 FEET WITH NORTHWEST LINE OF SAID 1.198 ACRE TRACT TO A 3/4 INCH IRON PIPE FOUND (NOT CALLED FOR IN RECORD DEED) FOR CORNER; THENCE NORTH 44 DEGREES 32 MINUTES 46 SECONDS WEST A DISTANCE OF 144.58 FEET WITH NORTHEAST LINE OF SAID 1.198 ACRE TRACT AND A 10 FOOT ALLEY TO A 3/4 INCH IRON PIPE FOUND (NOT CALLED FOR IN RECORD DEED) FOR CORNER, SAID CORNER BEING ALSO SOUTH CORNER OF SAID 0.298 ACRE TRACT; THENCE NORTH 45 DEGREES 09 MINUTES EAST A DISTANCE OF 129.41 FEET WITH SOUTHEAST LINE OF SAID 0.298 ACRE TRACT TO PLACE OF BEGINNING, CONTAINING 0.4321 ACRE OF LAND AS SURVEYED BY LEONARD W. FRANK, COUNTY SURVEYOR OF COLORADO COUNTY, TEXAS, AND REGISTERED PROFESSIONAL LAND SURVEYOR, REGISTRATION NO. 1669.