IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT5, Plaintiff, v. LAWRENCE F. LIPPMAN, JEANINNE KERR JONES, MARK ANTHONY WOMACK, Defendants. | § § § § § § § § § § § § § § § § § Civil Action No. 4:22-cv-02274 |

## AGREED PARTIAL JUDGMENT WITH DEFENDANT JEANINNE KERR JONES

Came on to be considered the above-numbered and styled cause wherein Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5 ("Deutsche" or "Plaintiff") and Defendant Jeaninne Kerr Jones ("Defendant") and collectively with Plaintiff (the "Parties"), have announced to the Court that they desire to resolve all matters in controversy between them. In light of the agreement of the Parties as expressed in this *Agreed Partial Judgment* and as shown by their signatures below, the Court finds that:

1.   Plaintiff is the current owner and holder of the *Texas Home Equity Note* dated April 12, 2006, ("Note") in the principal amount of $101,400.00 executed by Decedent Esta Lippman and Defendant Lawrence F. Lippman ("Borrowers"). Plaintiff is the current beneficiary of the *Texas Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement") recorded in the official public records of Colorado County, Texas, in Volume 523, Page 024, which

provided Plaintiff with a security interest on that certain real property commonly known as 207 East State St., Eagle Lake, TX 77434-1830, and is more particularly described at Exhibit A, attached hereto and incorporated by reference ("the Property")

2. The Security Instrument secures payment of the Loan Agreement with the Property.

3. Defendant is the daughter and heir of Decedent Esta Lippman. Defendant stipulates that she disclaims her interest, if any, in the Property at issue in this lawsuit and will not claim any interest in the Property at any future time, except as provided herein. Additionally, the Defendant understand that the Court may rely upon the contents of this Agreed Partial Judgment in the adjudication of this matter.

4. There is a default in payment or performance under the Note and Security Instrument that secures the payment of Plaintiff's lien.

5. Plaintiff is entitled to enforce the terms of the Loan Agreement against the Property. It is therefore,

**ORDERED, ADJUDGED AND DECREED** that Defendant has no interest in the Property and is barred from claiming any interest in the Property in the future. It is further,

**ORDERED, ADJUDGED AND DECREED** that Defendant may claim excess proceeds if any are available after the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff, its successors and assigns, may enforce its lien on the Property by proceeding with non-judicial foreclosure of Defendant's interest in the Property, as provided in the Security Instrument and TEX. PROP. CODE § 51.002. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees;

pre-judgment interest; post-judgment interest at the Note interest rate of 11.500%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that the successful bidder at the foreclosure sale shall be vested with title to the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that except as otherwise noted, Defendant and Plaintiff are each to bear their respective costs and attorney's fees, if any. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs incurred with respect to Plaintiff's claims against Defendant are taxed against the party incurring same. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may charge attorney's fees and costs, which may be added to the balance of the Note and enforceable only against the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that this Agreed Judgment fully and finally resolves all claims ONLY between Plaintiff and Defendant Jeaninne Kerr Jones. Plaintiff's claim against Defendants Lawrence F. Lippman and Mark Anthony Womack remain pending.

Signed this __18__ day of __October__ 2022.

_____
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

FIELD NOTES OF A SURVEY OF A 0.4321 ACRE TRACT OF LAND. BEING ALL THAT TRACT LYING AND SITUATED IN COLORADO COUNTY, TEXAS, CITY OF EAGLE LAKE, BLOCK NO. 36. SAID 0.4321 ACRE TRACT OF LAND BEING THE SAME PROPERTY DESCRIBED IN A DEED DATED AUGUST 8, 1995 FROM MICHAEL C. MARLAND, ET. UX. TO LAWRENCE P. LIPPMAN, TRUSTEE, RECORDED IN VOLUME 173, PAGE 650, COLORADO COUNTY OFFICIAL RECORDS TO WHICH REFERENCE IS MADE FOR ALL PURPOSES AND THE SAID 0.4321 ACRE TRACT BEING DESCRIBED BY METES AND BOUNDS AS FOLLOWS, TO-WIT: BEGINNING AT A 1/2 INCH IRON ROD FOUND (NOT CALLED FOR IN RECORD DEED) IN SOUTHWEST LINE OF STATE STREET FOR NORTH CORNER OF SAID 0.4321 ACRE TRACT, SAID CORNER BEING ALSO EAST CORNER OF A 0.298 ACRE TRACT OF LAND CONVEYED TO VIRGINIA WELL, VOLUME 288, PAGE 156, COLORADO COUNTY OFFICIAL RECORDS; THENCE SOUTH 44 DEGREES 23 MINUTES EAST A DISTANCE OF 146.80 FEET WITH SOUTHWEST LINE OF SAID STATE STREET TO A 3/8 INCH IRON ROD SET FOR CORNER, SAID CORNER BEING ALSO NORTH CORNER OF A 1.198 ACRE TRACT CONVEYED TO STERLING UNITED RESOURCES, VOLUME 146, PAGE 12, COLORADO COUNTY OFFICIAL RECORDS; THENCE SOUTH 46 DEGREES 08 MINUTES WEST A DISTANCE OF 129.00 FEET WITH NORTHWEST LINE OF SAID 1.198 ACRE TRACT TO A 3/4 INCH IRON PIPE FOUND (NOT CALLED FOR IN RECORD DEED) FOR CORNER; THENCE NORTH 44 DEGREES 32 MINUTES 46 SECONDS WEST A DISTANCE OF 144.58 FEET WITH NORTHEAST LINE OF SAID 1.198 ACRE TRACT AND A 10 FOOT ALLEY TO A 3/4 INCH IRON PIPE FOUND (NOT CALLED FOR IN RECORD DEED) FOR CORNER, SAID CORNER BEING ALSO SOUTH CORNER OF SAID 0.298 ACRE TRACT; THENCE NORTH 45 DEGREES 09 MINUTES EAST A DISTANCE OF 129.41 FEET WITH SOUTHEAST LINE OF SAID 0.298 ACRE TRACT TO PLACE OF BEGINNING, CONTAINING 0.4321 ACRE OF LAND AS SURVEYED BY LEONARD W. FRANK, COUNTY SURVEYOR OF COLORADO COUNTY, TEXAS, AND REGISTERED PROFESSIONAL LAND SURVEYOR, REGISTRATION NO. 1669.

**Agreed as to form and substance:**

By: */s/ Vivian N. Lopez*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    Texas Bar No. 24129029
    vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)
*Attorneys for Plaintiff*

